IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0114 (01) |
| | § | |
| HILARIO LOPEZ-TORREZ | § | |

**REPORT AND RECOMMENDATION**
**TO DENY MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

On April 8, 2005, defendant HILARIO LOPEZ-TORREZ filed with this Court a Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, wherein he challenges a 46-month sentence assessed on or about April 2, 2004 after his conviction, pursuant to a guilty plea, for the offense of illegal reentry after deportation following conviction for a felony. For the reasons set forth below, defendant is not entitled to relief and this motion should be denied.

I.
MERITS

Defendant challenges his sentence based upon the recent United States Supreme Court decision in *United States v. Booker*, ____ U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621, 73 U.S.L.W. 4056 (January 12, 2005). In *Booker*, the Supreme Court extended the rule announced in the prior decisions of *Apprendi v. New Jersey*; 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403, 72

U.S.L.W. 4546 (June 24, 2004), to the federal Sentencing Guidelines. The rule, essentially held that,

> [P]ursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. A different majority of the Court then excised certain statutory provisions that made the Guidelines mandatory, thereby rendering the Guidelines advisory only. *Id*. at 756-57.

*In re Elwood*, No. 05-30269 at 2, April 28, 2005 (5th Cir. 2005) citing *Booker*. Defendant Elwood, just as LOPEZ-TORREZ in the instant case, alleged that, pursuant to *Booker*, the district court's application of the Guidelines in determining his sentence violated his Sixth Amendment rights. The Fifth Circuit has held, however, that the United States Supreme Court did not make *Booker* retroactive to cases on collateral review. *In re Elwood*, No. 05-30269 at 3.

Therefore, under the law of this circuit, defendant's claim that his sentence, assessed under the federal Sentencing Guidelines, is unconstitutional based upon *Booker* and, thus, should be vacated, is foreclosed. Such a claim is not cognizable in a section 2255 action.[1]

To the extent defendant claims ineffective assistance of counsel, such claim is without merit. Defendant has properly set forth the standard used to evaluate such claims, *i.e.* the analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, defendant's claim that counsel misled him about the state's burden and about his appeal rights, are nothing more than conclusory allegations which are not fact specific to defendant's case. The Court notes that throughout the proceedings in this case, defendant did

---

[1] This analysis assumes for purposes of argument, that defendant LOPEZ-TORREZ even has a possible *Booker* claim. Since LOPEZ-TORREZ's sentence enhancement was based upon a prior conviction, *Booker* would arguably not apply, even if it were retroactive.

not appear to be fluent in English and utilized an interpreter to communicate with the Court. However, the brief submitted with his motion to vacate contains a long history of caselaw written in English, is not specific to defendant's case, and appears to have been prepared by someone other than defendant.  For example, the brief cites, among other things, defendant waived his right of appeal.  Yet the practice in this Court prohibits such a waiver.  Defendant has not stated with specificity what he alleges counsel did or did not do to deprive defendant of his constitutional right to effective assistance of counsel.  He has not raised sufficient allegations in this regard and he clearly has not demonstrated prejudice.  Assuming *arguendo* defendant claims his counsel should have advised him of the law as set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendant's claim is without merit.  Neither *Apprendi* nor *Booker* control.  Defendant's case is controlled by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).  Defendant has failed to show that *Almendarez-Torres* does not control.  Defendant's claim should be denied.

## II.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion to vacate, correct or set aside sentence filed by defendant HILARIO LOPEZ-TORREZ be DENIED.

## III.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant by certified mail, return receipt requested, and to each attorney of

record by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED this <u>26th</u> day of May 2005.

      *(signature)*
_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

      Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).